# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATEHOLDERS CWMBS,
INC. CWMBS REPERFORMING LOAN
REMIC TRUST CERTIFICATES, SERIES
2005-R2,

    *Plaintiff*,

vs.

CLARENCE WILLIAMS AND TONYA R.
WILLIAMS

    *Defendants.*

Case No.10-2158-EFM

## MEMORANDUM AND ORDER

Defendants Clarence and Tonya Williams, proceeding *pro se*, have filed a notice of removal of Wyandotte County District Court case no. 08-CV-738, a state mortgage foreclosure case filed in Wyandotte County District Court in April 2008. In their notice, Defendants contend that the note and mortgage Plaintiff Bank of New York is trying to enforce are invalid. Under 28 U.S.C. § 1446(c)(4), the Court has an obligation to examine a notice of removal to determine whether it appears from the document's face and any of the attached exhibits that an order for summary remand must be issued. In determining whether a case should be remanded, the Court

must construe the removal statute narrowly.[1] For the reason stated below, the Court summarily remands this matter back to the Wyandotte County District Court.

Here, review of the state-court record submitted by Defendants shows that on December 19, 2008, the Wyandotte County District Court entered judgment in this case. The judgment explicitly stated that Plaintiff could enforce the terms of the note and mortgage in question against Defendants. Defendants did not challenge the judgment on direct appeal; rather, they waited until their time for filing such an appeal had elapsed[2] and filed a notice of removal with this Court on March 23, 2010, which, in essence, asks this Court to do what Defendants should have asked the Kansas Court of Appeals to do –set aside the state court's judgment. This was improper. The *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction to review, reverse, or invalidate a final state court decision.[3] Therefore, in light of the fact that the judgment issued by the state court is final[4] and specifically addressed the issue Defendants are trying to raise in this proceeding, *i.e.*, the enforceability of the note and mortgage possessed by Plaintiff, *Rooker-Feldman* precludes this Court from entertaining this case. Accordingly, the Court finds that this case was improperly removed and should be remanded back to the Wyandotte County District Court.[5]

---

[1] *See, e.g., Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005).

[2] *See* K.S.A. 60-2103(a) (declaring that the losing party has thirty days to file an appeal after judgment has been entered).

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] *See Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (stating that a judgment is final when the losing party's time for appeal has elapsed).

[5] *See Badgerland Farm Credit Servs. v. Williams*, 2010 WL 2545784, at *2 (W.D. Wis. June 18, 2010) (finding that remand was necessary because the state court had already entered judgment against the defendants in the case).

Accordingly,

**IT IS THEREFORE ORDERED** that Wyandotte County District Court case 08-CV-738 is REMANDED to the Wyandotte County District Court.

**IT IS FURTHER ORDERED** that the September 28, 2010, Order to Show Cause (Doc. 5) be stricken from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion for Findings of Fact and Conclusions of Law (Doc. 7) is DENIED as moot.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2011, in Wichita, Kansas.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE